IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| JANELLE HILL AND WILLIAM HILL, INDIVIDUALLY AND AS NEXT FRIENDS OF SAVANNAH A. HILL, | * * * * | |
| Plaintiffs, | * * | Civ. Action No. 1:09-cv-00463-CMH-TRJ |
| v. | * * | |
| SANOFI-AVENTIS U.S., INC., | * * | |
| Defendant. | * | |

**MEDCON, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

In support of Medcon, Inc.'s ("Medcon") Motion to Intervene, Medcon shows the Court as follows:

**STATEMENT OF FACTS**

In December 2005, Plaintiff herein, Janelle Hill ("Hill") retained Medcon to provide expert consulting services in the instant matter. Pursuant to their contract, Medcon was to provide services at the direction of and in conjunction with Hill's attorneys, "including medical research on the drug manufacturer case, multi-day travel to New Jersey and elsewhere to review drug test records, [participate in] multiple meetings with [Hill] and her attorneys, review expert reports and depositions, and [participate in] numerous e-mail exchanges with Respondent, her attorneys, her expert witnesses, and her other consultants." [Award of Arbitrator, attached as Exhibit A, at 2.]

"The basis of Medcon's compensation was 1) ten percent (10%) of the gross amount of all money and/or other value received in the settlement or in payment of a judgment in this case', or alternatively, 2) '[if] and only if, the court disapproves the percentage fee described above,

1

client(s) agree to pay MEDCON a fee of two hundred fifty dollars ($250.00) per hour for services rendered in lieu of the percentage.' Claimant agreed to limit its recovery to the maximum amount of $75,000.00 under either computational method." [*Id.*] Plaintiff settled the instant case but refused to divulge the amount of the settlement or to pay Medcon any sum for the consulting services performed herein, citing the need to conform to the confidentiality order entered by this Court concerning the amount of the settlement.

Medcon's Retainer Agreement included an arbitration clause. Medcon's claim for compensation from Hill was therefore arbitrated. [Exhibit A, at 1.] After considering the evidence, the arbitrator determined that Medcon's claims for compensation against Hill were meritorious. Medcon was entitled to recover as damages Ten Percent (10%) of the total amount of the settlement paid not exceeding $75,000, or, in the event that the percentage fee method was disapproved by a court of competent jurisdiction or that such a court fails to confirm the Arbitration Award ordering disclosure of the terms of any settlement paid or to be paid to Hill, the amount of compensation to Medcon was fixed at $75,000. [Exhibit A, at 4.] The arbitrator further ordered Medcon to execute a confidentiality agreement enabling Hill to disclose to Medcon the monetary terms of the settlement agreement that resolved the instant case.

Following the arbitration, Hill filed a Rule 60(b)(6) Motion for Relief from Judgment with this Court. This Motion disclosed the Arbitration Award's requirement that Hill disclose the confidential settlement terms, and this Court found that "a) upon execution of the Confidentiality Agreement by Medcon, Inc., David Geier, Mark Geier, and Francis Kreysa, Esq., Janelle Hill may divulge terms of the Settlement Agreement to Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., and to no other person or entity, b) Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., shall maintain the complete confidentiality of the terms of the

2

settlement that Ms. Hill divulges to them; and c) This Court shall maintain jurisdiction over Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., for purposes of any violation of (1) this Order; (2) this Court's August 6, 2010 Order in the above-captioned case; (3) the Settlement Agreement that is incorporated in the Court's August 6, 2010 Order in the above-captioned case; and (4) violation of the Confidentiality Agreement following its execution by Medcon, Inc., David Geier, Mark Geier, and Francis Kreysa." [Order, attached hereto as Exhibit B.]

On March 6, 2013, Francis Kreysa contacted Plaintiff's counsel John B. Rafter and Defendant's counsel Mary C. Zinsner to advise that Plaintiff's arbitration counsel, Eric Pelletier, had provided a draft Confidentiality Agreement for consideration. However, this draft agreement and this Court's Order stated that Medcon would also be bound by the terms of the Settlement Agreement that resolved the instant litigation. Mr. Kreysa sought the disclosure of the Settlement Agreement with the financial terms redacted so that the other terms to which Medcon would be bound could be considered in connection with the Confidentiality Agreement. [E-mail from Francis Kreysa to Mary C. Zinsner, attached hereto as Exhibit C.] Ms. Zinsner responded that her client would not agree to the disclosure of any portion of the Settlement Agreement without the return of the signed Confidentiality Agreement. [*Id.*] Obviously, Medcon needs to see the Settlement Agreement to fully understand the terms of the Confidentiality Agreement. Despite the protections provided by this Court's Order on the Plaintiff's Rule 60(b) Motion requiring Medcon and its principals and attorneys to maintain confidentiality, the parties' attorneys would not cooperate in this request.

In a seemingly futile effort to work through these issues without the involvement of this Court, Francis Kreysa circulated his own proposed Protective Order to counsel on June 7, 2013.

3

He requested that they approve the Protective Order and permit the disclosure of the Settlement Agreement to Medcon so that Medcon could consider the effect of the terms of the Settlement Agreement. [E-mail chain, attached hereto as Exhibit D.] The proposed Protective Order is attached hereto as Exhibit E.

On June 11, 2013, Defendant's counsel responded that the "litigation has concluded with respect to [her] client. I will not undertake to review your protective order or take further action. There is already a protective order in the case which governs the conduct of the parties." [Exhibit D.]

The discussion among counsel has grown inane. The standing demand from Plaintiff and Defendant is that Medcon sign a confidentiality order that incorporates the terms of a Settlement Agreement that Medcon is not permitted to review. Now, Defendant's counsel refuses to even review an alternative Confidentiality Agreement that seeks to resolve this problem. Medcon sees no alternative but to enlist the assistance of this Court.

## ARGUMENTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 24(a), Medcon moves to intervene in this Action for the purpose of requesting that the Court enter a protective order allowing the parties to disclose the terms of the confidential settlement agreement to Medcon. Attached as Exhibit F is Medcon's proposed Motion for Protective Order, requesting that this Court enter a protective order allowing the disclosure of the confidential settlement terms to Medcon in furtherance of this Court's February 20, 2013 Order (Dkt #109). Under Rule 24, an individual or entity may intervene on timely motion if claiming an "interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

4

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

### A. Medcon's Motion to Intervene is Timely.

The Fourth Circuit has established a set of criteria to evaluate the timeliness of a motion to intervene: "how far the suit has progressed, the prejudice which delay might cause other parties, and the reason for the tardiness in moving to intervene." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).

The purpose of the timeliness requirement is to "prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Scardelletti v. Debarr*, 265 F.3d 195, 202 (4th Cir. 2001) (quoting *United States v. South Bend Community School Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)), *rev'd on other grounds sub nom. Devlin v. Scardelletti*, 536 U.S. 1 (2002).

Medcon's attempt to enforce their contract has thus far been unsuccessful and has been in court as recently as four months ago. Prior to this matter's settlement, Medcon had no reason to intervene. Medcon had no reason to believe that its contract would not be honored or that Plaintiff would choose not to pay them. As soon as the settlement between Plaintiff and Defendant was reached and Medcon became aware of this contractual breach and they took immediate action. As called for in its contract, Medcon proceeded to arbitration.

After this Court's Order on Plaintiff's 60(b)(6) motion was entered, Medcon took prompt steps to ensure that they complied. When Medcon realized its attempts were futile, as is detailed *supra,* it quickly decided the best course of action was a Motion to Intervene. This is the first time during the course of the litigation that intervention has been appropriate, thus making it timely.

Moreover, "mere passage of time is but one factor to be considered in light of all the circumstances." *Spring Construction Co. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) (holding that even though litigation began in 1973, waiting until 1977 to intervene did not defeat timeliness requirement). The most important factor in making a timeliness evaluation is the prejudice to the parties that would result as an effect of delayed intervention. *Id.* Prejudice can come in many forms, including additional litigation costs and reduction of settlement funds to Plaintiffs. *See, e.g. CSX Transportation v. United States Cruises*, 1993 U.S. App. LEXIS 6888, at *7 (4th Cir. Mar. 30, 1993); *Gould v. Alleco, Inc.* 883 F.2d 281, 286-287 (4th Cir. 1989).

In this case, intervention is a last resort. Any additional litigation costs incurred are the result of the Plaintiff refusing to pay Medcon for services rendered, creating the necessity of this motion to begin with, and the result of the Plaintiff refusing to negotiate with Medcon about a mutually-agreeable Confidentiality Agreement or Protective Order.

As for a reduction in settlement funds, in order for this to count as a cost (and potentially prejudicial), it would need to be a reduction in funds to which the Plaintiff is entitled. The Plaintiff is not entitled to keep the funds that were due to Medcon as a fee for services in furtherance of the settlement. When Plaintiff and Medcon were negotiating the expert fee agreement, Plaintiff chose not to object to the terms of payment; as such, Plaintiff can make no such objection now. This intervention is about enforcement of a contract, nothing more. It creates no prejudice to the Defendant, and the prejudice, if any, it creates to Plaintiff is self-inflicted.

The final consideration in determining timeliness of intervention is the reason for the delay. When the proposed intervenor is not in a position to intervene during earlier stages of the litigation, intervention is appropriate. *See Spring Construction Co. v. Harris*, 614 F.2d 374, 377

(4th Cir. 1980). It would have been inappropriate for Medcon to intervene earlier. Medcon has exhausted all other remedies and has attempted to come to a reasonable agreement with Plaintiffs. At every stage they have been stonewalled by Plaintiff. Intervention at this stage has a limited purpose and is the appropriate judicial remedy for this matter as it currently stands.

Medcon has had no part in the delay of this case. Shortly after this Court's order of February 20, 2013 (Dkt. #109), Medcon reached out to Plaintiff to sign a Confidentiality Agreement. Plaintiff has consistently blocked Medcon's attempts to efficiently resolve this case, stalemating the process, creating unnecessary delay, and functionally forcing Medcon's hand in making this Motion to Intervene. Medcon promptly went to arbitration when they realized Plaintiff was not going to pay them after the Settlement Agreement between Plaintiff and Defendant. Following the Settlement, Plaintiff filed a Rule 60(b)(6) Motion for Relief.

Medcon has attempted to comply with the order on the 60(b)(6) Motion for Relief in as efficient a manner as possible, but has been blocked at every turn by Plaintiff. When Medcon first sought to sign the Confidentiality Agreement, which would have bound Medcon to the Settlement Agreement, they reasonably requested that they be able to see the Settlement Agreement before binding themselves to it. Despite the protections written into this Court's order, Plaintiff denied them that opportunity.

Medcon then circulated a proposed Protective Order to permit the disclosure of the Settlement Agreement to Medcon so that Medcon could consider the effect of the terms of the Settlement Agreement. Plaintiff again blocked this attempt to resolve the issue, saying that she would "not undertake to review [the] protective order or take further action." Upon hearing this, Medcon suggested an alternative Confidentiality Agreement. Plaintiff once again blocked this attempt.

Medcon has proposed several different plans to resolve this matter out of work. Plaintiff has refused to cooperate, and has created the reason for intervening, let alone the reason for the delay in intervening.

Normally, intervention may only occur when there is pending litigation before the court. *See, e.g.*, *Houston General Insurance Co. v. Moore*, 193 F.3d 838, 840 (4th Cir. 1999); *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) (explaining that intervention presupposes pendency of an action in court of competent jurisdiction); *see also Kendrick v. Kendrick*, 16 F.2d 323, 328 (5th Cir. 1926) (explaining that an existing lawsuit within the court's jurisdiction is a prerequisite of intervention).

In this case, however, this Court has maintained jurisdiction for purposes of violation of the Feburary 20, 2013 Order. The Order clearly anticipated the signing of a Confidentiality Agreement. Plaintiff's refusal to consider a Protective Order for the purposes of signing Plaintiff's proposed Confidentiality Agreement and Plaintiff's refusal negotiate a mutually-agreeable Confidentiality Agreement violate this implicit term in the Order. Plaintiffs have failed to make a good faith effort to fully comply with the Order. Because the Order has not been effectuated, this Court maintains jurisdiction, and intervention would be appropriate for the limited purpose of enforcing Medcon's contract and arbitration award by way of a protective order.

**B. Medcon Has a Right to Intervene.**

Fed. R. Civ. P. 24(a) governs intervention by Medcon in this Action. Under Rule 24, an individual or entity may intervene on timely motion if claiming an "interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest,

8

unless existing parties adequately represent that interest." This requirement has been interpreted to require that the moving party fulfill "three requirements: interest, impairment of interest, and inadequate representation." *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989); *e.g., United Guaranty Residential Insurance Co. v. Philadelphia Savings Fund Society*, 819 F.2d 473, 474 (4th Cir. 1987); *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

A general interest in one of the party's assets is not sufficient to allow intervention. *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989). A significant financial stake in the outcome of the case, however, may be sufficient grounds to establish an interest. *United Guaranty Residential Insurance Co. v. Philadelphia Savings Fund Society*, 819 F.2d 473, 475 (4th Cir. 1987). In this case, the services Medcon rendered go to the heart of the matter originally litigated. Plaintiff contracted with Medcon to receive the benefit of their expertise to use in Plaintiff's case against Defendant. In addition to Medcon's services going to the heart of the matter, they have a significant financial stake, as Plaintiffs were to provide them with 10 percent of the final settlement sum as compensation for their services, or, in the alternative, as much as $75,000 at an hourly rate of $250 per hour based on the terms of Medcon's original contract with Plaintiff.

Not allowing Medcon to intervene would substantially impair its interests. While Medcon and Plaintiff had parallel interests during early stages of the litigation, at the point at which Plaintiff decided to settle without giving Medcon the compsensation which Medcon was contractually owed their interests diverged. Were Medcon not able to intervene, Medcon would be unable to protect its interests. Medcon has already attempted to resolve this matter through a number of different avenues, including arbitration, mutually-agreeable protective orders, and confidentiality agreements. At each of these points, Plaintiff has been unwilling to cooperate,

9

leaving Medcon with no other practicable options to assert their rights. Without intervening, Medcon's interests and rights will be unprotect and they will be helpless to get their contract enforced.

The final variable in determining intervention as a matter of right is adequate representation. If the movant's interests were adequately represented, the movant may not intervene. If a party represents two related but distinct interests, another person with only one of those interests may intervene. *See Trbovich v. United Mine Workers of America*, 404 U.S. 528, 539 (1972); *see also. United Guaranty Residential Insurance Co. v. Philadelphia Savings Fund Society*, 819 F.2d 473, 476 (4th Cir. 1987) (explaining that if a party represents a broader interest, someone with a narrow interest may intervene). Plaintiff had multiple interests in the original litigation, only one of them being getting compensated appropriately for the wrong. This interest representation, however, was adequate with respect to Medcon's interests. At this point, Medcon and Plaintiff have divergent interests, and no party to the litigation is representing Medcon's interests. Medcon must be allowed to intervene to properly assert its rights.

## CONCLUSION

In the present matter and as set forth in the Statement of Facts, Medcon has an interest in determining the amount of the settlement in this matter pursuant to the Arbitration Award in favor of Medcon against Hill. The services for which Medcon sought compensation in the Arbitration were performed in conjunction with this lawsuit. Further, this Court's Order of February 20, 2013, requires that the Confidentiality Agreement be executed by Medcon in order for the financial terms of the Settlement Agreement to be divulged to Medcon. The terms of the Confidentiality Agreement that Medcon is required to sign also require that Medcon be bound by

the underlying terms of the Settlement Agreement.  Since the parties to this matter will not disclose any portion of the Settlement Agreement—even with the financial terms redacted—Medcon seeks entry of this Protective Order to allow Medcon to read and understand the terms to which it will be bound after execution of the Confidentiality Agreement.  Without understanding the underlying terms of the Settlement Agreement, Medcon would be placing itself in a position of potentially, though inadvertently, violating the terms of that Agreement if Medcon is not allowed to view and understand the terms of that document prior to execution of the Confidentiality Agreement. Medcon deserves to be paid for the services it rendered to Plaintiffs as a matter of contract. The neutral arbitrator agreed, and this court's Order supported the same, as long as Medcon kept the settlement information confidential.

      WHEREFORE, Medcon respectfully requests that this Court permit Medcon to intervene in the above-captioned matter in order that it may file its Motion for Protective Order.


      Respectfully submitted,


By: _____/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July 2013, I electronically transmitted the attached and foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Helen Cohn Needham
    John Benjamin Raftery
    Kenneth Edward Labowitz
    Mary Catherine Zinsner
    Spencer Dean Ault
    Stephen Dennis Otero

By:    /s/
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com