# Exhibit A

# AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 16 434 E 00190 12
Medcon, Inc. ("Claimant")
and
Janelle Hill ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated December 1, 2005, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, FIND, as follows:

This matter came before the Arbitrator for an in-person hearing on the merits of Claimant's claim on November 15, 2012. The parties filed written closing arguments, and the hearing was closed on November 30, 2012.

The Demand of Claimant Medcon, Inc. (Claimant) was stated in the dollar amount of $75,000.00 together with "Other – Information". The "Information" requested was the disclosure of the terms of a settlement agreement entered into by Respondent for her minor child and/or for herself and her former husband.

The *gravamen* of Claimant's claim is based on the alleged non-payment for services performed pursuant to a written "Medcon Retainer Agreement" dated December 1, 2005 (hereinafter "Agreement") wherein Respondent "hereby retain[s] MEDCON to perform certain research encompassing all claims that client(s) has/have against the multiple parties for injuries." The basis of compensation was in the alternative of 1) "ten percent (10%) of the gross amount of all money and/or other value received in the settlement or in payment of a judgment in this case", or 2) "[i]f and only if, the court disapproves the percentage fee described above, client(s) agree to pay MEDCON a fee of two hundred fifty dollars ($250.00) per hour for services rendered in lieu of the percentage." Claimant has agreed to limit its recovery to the maximum amount of $75,000.00 under either computational method.

Respondent filed a preliminary motion challenging the enforceability of the Agreement and arguing that the Agreement was unenforceable. The Arbitrator denied that motion for the reasons stated in the "Order Overruling Objections."

The Arbitrator heard the sworn testimony of David Geier (Medcon) and Dr. Mark Geier (Medcon) on behalf of Claimant, and Janelle Hill (Respondent), Edgar Roy Moore (Respondent's father) and Ian P. Coyle, Esq. (former assistant to Respondent's attorney). The Arbitrator also received extensive documentary evidence on behalf of both parties.

The Arbitrator has had an opportunity to review the exhibits and testimony, to assess the credibility of the witnesses during their testimony, to give the testimony and the documentary evidence the weight that each are due, and to hear and consider the arguments on behalf of the parties. Certain basic legal principles apply to this dispute (see note 1) and they are discussed seriatum.

Each party who signs a contract is presumed to have read and understood its terms and as such will be bound by its execution. Holloman v. Circuit City Stores, Inc., 391 Md. 580, 894 A.2d 547 (2006), and the written language of the contract prevails regardless of the intention of the parties if the language is clear and unmistakable. Kasten Construction Co. v. Rod Enterprises, Inc., 268 Md. 318, 301 A.2d 12

---

1  "This Agreement will be interpreted in accordance with the laws of the state of Maryland . . . ." Agreement, at Page 2.

Page 1 of 4

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 16 434 E 00190 12
Medcon, Inc. ("Claimant")
and
Janelle Hill ("Respondent")

### AWARD OF ARBITRATOR CONTINUED

(1973); Dominion National Bank v. Sundowner Joint Venture, 50 Md.App. 145, 436 A.2d 501 (1981); Equitable Trust Company v. Imbesi, 287 Md. 249, 412 A.2d 96 (1980). Parol evidence is not admissible to vary, alter or contradict a writing that is complete and unambiguous, but is admissible only where doubt arises as to a true sense and meaning of the language. Admiral Builders Savings & Loan Association v. South River Landing, Inc., 66 Md.App. 124, 502 A.2d 1096 (1986); American Casualty Company of Reading, Pennsylvania v. Aetna Surety Company, 251 Md. 677, 248 A.2d 487 (1968). To the extent that ambiguities arise in the contract and are not otherwise resolved, those ambiguities are to be construed against the drafter. Biggus v. Ford Motor Credit Co., 328 Md. 188, 613 A.2d 986 (1992) (It is a canon of contract construction that ambiguities in the contract are to be construed against the drafter because that party had the better opportunity to understand and explain its meaning); King v. Bankerd, 303 Md. 98, 106, 492 A.2d 608, 612 (1985); see, also, Burroughs Corp. v. Chesapeake Petroleum & Supply Co., 282 Md. 406, 411, 384 A.2d 734, 737 (1978).

The applicable standard of proof in civil cases is preponderance of the evidence, and the party asserting a particular claim bears the burden of meeting that standard. Mathis v. Hargrove, 166 Md.App. 286, 888 A.2d 377 (2005). The burden is sometimes referred to as the burden of persuasion, or the risk of non-persuasion. Further, the burden of first producing evidence on a particular issue is borne by the party who has the burden of persuasion on that issue.

Claimant was hired in December 2005, and worked at the direction of and in conjunction with two attorneys (see note 2) hired by Respondent to represent her in several lawsuits emanating from catastrophic injuries to her infant daughter, including suits against a drug manufacturer, a hospital, and one or more physicians. Those suits were filed and/or re-filed in both the Federal and State courts of Virginia. The final Federal case, Janelle Hill and William Hill, individually and as Next Friends of Savannah Hill v. Sanofi-Aventis, Inc., Civil No. 1:09cv463 in the United States District Court for the Eastern District of Virginia, was settled in late 2009, and the final State court suit was dismissed in 2010 by Respondent.

Beginning in 2006 and continuing until November, 2009, Claimant undertook a number of services for Respondent and her attorneys, including medical research on the drug manufacturer case, multi-day travel to New Jersey and elsewhere to review drug test records, multiple meetings with Respondent and her attorneys, review expert reports and depositions, and numerous e-mail exchanges with Respondent (see note 3), her attorneys, her expert witnesses, and her other consultants. At no time prior to March, 2010, did Respondent or her attorneys question or disavow the scope of the services that Claimant was to provide or the payment terms for those services. Although Respondent emailed Claimant in November 2009 that, "I learned from Spencer [Ault] that we're parting ways," it was only in a March,

---

2   Neither of which is Respondent's attorney in this case.

3   The Record is replete with extensive emails by and among Claimant, Respondent's attorneys, and other medical and related experts. In addition, the Respondent was very pro-active her own case including scheduling regular conference calls and detailed analyses of factors in her cases. See, e.g., power point presentation at Claimant's Exhibit, 17, Pages 52-141

Page 2 of 4

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 16 434 E 00190 12
Medcon, Inc. ("Claimant")
and
Janelle Hill ("Respondent")

## AWARD OF ARBITRATOR CONTINUED

2010 email, after the case against the drug manufacturer was settled, that Respondent's attorney Spencer Ault made a lone complaint that Claimant failed to recruit experts who would be appropriate. And even in that March, 2010 email, Respondent's attorney still sought Claimant's assistance in the State case, as did Respondent as late as September 2010.

Respondent attacked the credibility of Claimant's two principals, primarily based on the records of the Maryland Board of Physicians (BOP) and the testimony of Dr. Ian Coyle. The Arbitrator does not opine on the merits of the BOP findings except to note that those findings and actions did not relate to Respondent's cases. With respect to Dr. Coyle's opinion that Claimant "had nothing to offer" in 2009, the Arbitrator notes that Dr. Coyle testified that he was told that Claimant was not hired to provide expert testimony; rather Claimant was assisting in the preparation of the cases. The Arbitrator further notes that Dr. Coyle only became involved in the case over four years after Claimant was retained by Respondent's former attorneys to belatedly help to formulate the argument for causation of the injury to the minor child. The record does not reflect that during the preceding four-plus years of working with Claimant, Respondent, her attorneys, or any of her other experts shared in Dr. Coyle's opinion of Claimant's services.

Respondent settled her drug manufacturer case in November or December, 2010. As part of that settlement, Respondent, and her attorneys, entered into a confidentiality agreement, as did Claimant at their request. Notwithstanding Claimant's execution of a confidentiality agreement as requested by Respondent's former attorney, neither Respondent nor her former or current attorneys have provided a copy of the settlement agreement or have disclosed the monetary terms of the settlement. Rather, they have taken the position 1) that the confidentiality agreement that they signed prohibits the disclosure and therefore Claimant is not entitled to compensation, and 2) that the dismissal of the State case(s) without compensation results in non-payment.

The Arbitrator agrees that the dismissal of the State case(s) without compensation to Respondent or on behalf of the minor child makes moot any claim of compensation by Claimant. With respect to the drug manufacturer case, however, the Arbitrator finds that Respondent, directly or through her former attorneys, failed to make provision for compensation to Claimant (see note 4) when that case was settled and Respondent cannot now hide behind a confidentiality agreement when she failed to make provision at the time of settlement for payment to Claimant (see note 5).

The Agreement provides for the payment terms noted above. It further provides that Respondent would "provide MEDCON with proof, in a timely fashion, [of] eventual disposition of this claim" and that the "Client(s) agree to instruct client(s)' attorneys in this case to facilitate all such payments to MEDCON, and to disclose to MEDCON the information indicated above." The Arbitrator finds that the

---

4    Which percentage compensation arrangement Respondent acknowledged as late as Februray, 2009. Respondent's Exhibit 17, at Page 136.

5    Provision was made for the payment of at least one of Claimant's attorneys and several of Respondent's other experts/consultants, including Dr. Coyle.

## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 16 434 B 00190 12
Medcon, Inc. ("Claimant")
and
Janelle Hill ("Respondent")

### AWARD OF ARBITRATOR CONTINUED

Respondent only advised Claimant that the drug manufacturer case had settled, but not of the monetary terms. Nor did Respondent's attorneys "facilitate" any payment to Claimant. Lastly, Claimant testified that it spent "hundreds of hours" as well as out of pocket expenses for travel, hotel and meals, and the Arbitrator finds that the services provided by Claimant reasonably exceeded 300 hours, and Respondent agreed to the alternative rate of $250.00 per hour for Claimant's services.

The Arbitrator has reviewed in detail the evidence submitted. The Arbitrator has applied the legal principles set forth above, including the burden of proof. Based upon that detailed review, and as detailed above, the Arbitrator DETERMINES AND AWARDS, as follows:

A. That the claims of Claimant for compensation are granted.

B. That provided that Claimant executes a confidentiality agreement with respect to such disclosure, Respondent shall disclose to Claimant the monetary terms of any settlement agreement entered into by Respondent, or on behalf of the minor child Savannah Hill, in the case of Janelle Hill and William Hill, individually and as Next Friends of Savannah Hill v. Sanofi-Aventis, Inc., Civil No. 1:09cv463 in the United States District Court for the Eastern District of Virginia.

C. That the amount of compensation to be paid to Claimant is a percentage fee at the rate of Ten Percent (10%) of the full amount of any settlement paid or to be paid to Respondent and/or on behalf of the minor child, Savannah Hill, but not to exceed $75,000.00.

D. That in the event that a court of competent jurisdiction disapproves the percentage fee method, or fails to confirm this Award ordering disclosure of the terms of any settlement paid or to be paid to Respondent and/or on behalf of the minor child, Savannah Hill, the amount of compensation to be paid to Claimant shall be $75,000.00.

E. That the remaining claims are denied.

The administrative fees of the American Arbitration Association totaling $1,275.00 and the compensation of the arbitrator totaling $750.00 shall be borne entirely by Respondent. Therefore, Respondent shall reimburse Claimant the sum of $1,900.00, representing that portion of said fees in excess of the apportioned costs previously incurred by Claimant.

The above sums are to be paid on or before sixty (60) days from the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

12-13-12
Date

Tarrant H. Lomax