# Exhibit C

Page 1 of 1

Subj: RE: Medcon v. Janelle Hill
Date: 3/6/2013 12:32:14 P.M. Eastern Standard Time
From: epelletier@offitkurman.com
To: fkreysa@aol.com

Also, if you could put me on and take John Raftery off the emails with Mary, I would appreciate it.

-----Original Message-----
From: fkreysa@aol.com [mailto:fkreysa@aol.com]
Sent: Wednesday, March 06, 2013 12:10 PM
To: Pelletier, Eric; mgeier@comcast.net
Subject: Fwd: Medcon v. Janelle Hill

Hi Eric. I have tried to speak with Mary Zinser regarding my concerns but rather than returning my calls she had her secretary call me. It is obvious that Ms. Zinser does not seem to understand. I simply cannot advise the Geiers to agree to something without knowing what we are agreeing to first. Do you have any other suggestions?

Francis

-----Original Message-----
From: fkreysa <fkreysa@aol.com>
To: jraftery <jraftery@offitkurman.com>
Sent: Wed, Mar 6, 2013 12:01 pm
Subject: Fwd: Medcon v. Janelle Hill

-----Original Message-----
From: fkreysa <fkreysa@aol.com>
To: jraftery <jraftery@offitkorman.com>; mary.zinser <mary.zinser@troutmansanders.com>
Sent: Wed, Mar 6, 2013 11:32 am
Subject: Medcon v. Janelle Hill

John B. Rafter, Esq.
Mary Catherine Zinser, Esq.

Good morning. As you know, I represent Medcon, Inc. in its claim against Janelle Hill for breach of contract. Eric Pelletier, Esq. has provided me with a Confidentiality Agreement which we are required to sign before any information will be provided to us. I cannot advise my clients to sign this Agreement without being able to review the underlying documents to which we are being asked to be bound. I can understand your desire to have us agree not to divulge information, but I can neither advise my clients to sign the proposed Confidentiality Agreement nor can I agree to sign it myself without knowing what we are agreeing to beforehand.

I am again asking that these documents be provided to us with the specific financial terms of the agreement blackened out. I can promise you a quick turnaround. If you are unwilling to do so, please let me know this as well so my client can take appropriate action.
Thank you.

Francis John Kreysa, Esq.
4 Professional Drive, Suite 118
Gaithersburg, MD 20874
301-990-0949

Wednesday, April 17, 2013 AOL: Fkreysa

Page 1 of 1

**Subj:** RE: Confidentiality Provisions
**Date:** 3/19/2013 12:41:11 P.M. Eastern Daylight Time
**From:** mary.zinsner@troutmansanders.com
**To:** Fkreysa@aol.com
**CC:** epelletier@offitkurman.com, mgeier@comcast.net, karon.deming@troutmansanders.com

We do not agree to disclosure of any portion of the settlement agreement without the signed Confidentiality Agreement required by Judge Hilton's Order.

Mary C. Zinsner
Troutman Sanders LLP
703.734.4363

**From:** Fkreysa@aol.com [mailto:Fkreysa@aol.com]
**Sent:** Tuesday, March 19, 2013 12:26 PM
**To:** Zinsner, Mary C.
**Cc:** epelletier@offitkurman.com; mgeier@comcast.net
**Subject:** Confidentiality Provisions

Dear Ms. Zinser,

As you know, I represent MEDCON, Inc. and Mark and David Geier in their suit against Janelle Hill. I have been trying to work out an arrangement with Eric Pelletier, Esq. who represented Ms. Hill in our arbitration hearing last November. As you also know, I have been trying to reach you via telephone regarding the Order signed by Judge Hilton in the matter of Janelle Hill, et al. v. Sanofi-Aventis U.S.

My clients cannot execute the Confidentiality Agreement which is referenced in Judge Hilton's Order without knowing the confidentiality terms of both the Court's Order dated August 6, 2010 and the settlement agreement referenced therein. Mr. Pelletier believes that he cannot share with me the terms of these agreements, even if the settlement amount and other such proprietary information were blackened out. Do you agree with his position, and if not, are you willing to let my clients and me know what we are agreeing to before we sign the most recent settlement agreement?

My clients are justifiably impatient with the current position of this matter and have instructed me to take further action as appropriate if we cannot work out this immediate concern. Therefore, your earliest response would be appreciated. Thank you.

Francis John Kreysa, Esq.
4 Professional Drive, Suite 118
Gaithersburg, MD 20879
301-990-0949

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This e-mail communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this communication (or its attachments) is strictly prohibited.