# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| JANELLE HILL AND WILLIAM HILL, INDIVIDUALLY AND AS NEXT FRIENDS OF SAVANNAH A. HILL, | * * * * | |
| Plaintiffs, | * * | Civ. Action No. 1:09-cv-00463-CMH-TRJ |
| v. | * * | |
| SANOFI-AVENTIS U.S., INC., | * * | |
| Defendant. | * | |

## MEDCON, INC.'S MEMORANDUM IN SUPPORT OF PROPOSED MOTION FOR PROTECTIVE ORDER

In support of Medcon, Inc.'s ("Medcon") Proposed Motion for Protective Order, Medcon shows the Court as follows:

## STATEMENT OF FACTS

In December 2005, Plaintiff herein, Janelle Hill ("Hill") retained Medcon to provide expert consulting services in the instant matter. Pursuant to their contract, Medcon was to provide services at the direction of and in conjunction with Hill's attorneys, "including medical research on the drug manufacturer case, multi-day travel to New Jersey and elsewhere to review drug test records, [participate in] multiple meetings with [Hill] and her attorneys, review expert reports and depositions, and [participate in] numerous e-mail exchanges with Respondent, her attorneys, her expert witnesses, and her other consultants." [Award of Arbitrator, attached as Exhibit A, at 2.]

"The basis of Medcon's compensation was 1) ten percent (10%) of the gross amount of all money and/or other value received in the settlement or in payment of a judgment in this case', or alternatively, 2) '[if] and only if, the court disapproves the percentage fee described above,

2

client(s) agree to pay MEDCON a fee of two hundred fifty dollars ($250.00) per hour for services rendered in lieu of the percentage.' Claimant agreed to limit its recovery to the maximum amount of $75,000.00 under either computational method." [*Id.*] Plaintiff settled the instant case but refused to divulge the amount of the settlement or to pay Medcon any sum for the consulting services performed herein, citing the need to conform to the confidentiality order entered by this Court concerning the amount of the settlement.

Medcon's Retainer Agreement included an arbitration clause. Medcon's claim for compensation from Hill was therefore arbitrated. [Exhibit A, at 1.] After considering the evidence, the arbitrator determined that Medcon's claims for compensation against Hill were meritorious. Medcon was entitled to recover as damages Ten Percent (10%) of the total amount of the settlement paid not exceeding $75,000, or, in the event that the percentage fee method was disapproved by a court of competent jurisdiction or that such a court fails to confirm the Arbitration Award ordering disclosure of the terms of any settlement paid or to be paid to Hill, the amount of compensation to Medcon was fixed at $75,000. [Exhibit A, at 4.] The arbitrator further ordered Medcon to execute a confidentiality agreement enabling Hill to disclose to Medcon the monetary terms of the settlement agreement that resolved the instant case.

Following the arbitration, Hill filed a Rule 60(b)(6) Motion for Relief from Judgment with this Court. This Motion disclosed the Arbitration Award's requirement that Hill disclose the confidential settlement terms, and this Court found that "a) upon execution of the Confidentiality Agreement by Medcon, Inc., David Geier, Mark Geier, and Francis Kreysa, Esq., Janelle Hill may divulge terms of the Settlement Agreement to Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., and to no other person or entity, b) Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., shall maintain the complete confidentiality of the terms of the

3

settlement that Ms. Hill divulges to them; and c) This Court shall maintain jurisdiction over Medcon, Inc., David Geier, Mark Geier, and Francis J. Kreysa, Esq., for purposes of any violation of (1) this Order; (2) this Court's August 6, 2010 Order in the above-captioned case; (3) the Settlement Agreement that is incorporated in the Court's August 6, 2010 Order in the above-captioned case; and (4) violation of the Confidentiality Agreement following its execution by Medcon, Inc., David Geier, Mark Geier, and Francis Kreysa." [Order, attached hereto as Exhibit B.]

On March 6, 2013, Francis Kreysa contacted Plaintiff's counsel John B. Rafter and Defendant's counsel Mary C. Zinsner to advise that Plaintiff's arbitration counsel, Eric Pelletier, had provided a draft Confidentiality Agreement for consideration. However, this draft agreement and this Court's Order stated that Medcon would also be bound by the terms of the Settlement Agreement that resolved the instant litigation. Mr. Kreysa sought the disclosure of the Settlement Agreement with the financial terms redacted so that the other terms to which Medcon would be bound could be considered in connection with the Confidentiality Agreement. [E-mail from Francis Kreysa to Mary C. Zinsner, attached hereto as Exhibit C.] Ms. Zinsner responded that her client would not agree to the disclosure of any portion of the Settlement Agreement without the return of the signed Confidentiality Agreement. [*Id.*] Obviously, Medcon needs to see the Settlement Agreement to fully understand the terms of the Confidentiality Agreement. Despite the protections provided by this Court's Order on the Plaintiff's Rule 60(b) Motion requiring Medcon and its principals and attorneys to maintain confidentiality, the parties' attorneys would not cooperate in this request.

In a seemingly futile effort to work through these issues without the involvement of this Court, Francis Kreysa circulated his own proposed Protective Order to counsel on June 7, 2013.

4

He requested that they approve the Protective Order and permit the disclosure of the Settlement Agreement to Medcon so that Medcon could consider the effect of the terms of the Settlement Agreement.  [E-mail chain, attached hereto as Exhibit D.]  The proposed Protective Order is attached hereto as Exhibit G.

On June 11, 2013, Defendant's counsel responded that the "litigation has concluded with respect to [her] client.  I will not undertake to review your protective order or take further action.  There is already a protective order in the case which governs the conduct of the parties." [Exhibit D.]

The discussion among counsel has grown inane. The standing demand from Plaintiff and Defendant is that Medcon sign a confidentiality order that incorporates the terms of a Settlement Agreement that Medcon is not permitted to review.  Now, Defendant's counsel refuses to even review an alternative Confidentiality Agreement that seeks to resolve this problem.  Medcon sees no alternative but to enlist the assistance of this Court.

## ARGUMENTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26, Medcon requests that the Court enter a protective order allowing the parties to this matter to disclose the terms of the confidential settlement agreement to Medcon.  Under Rule 26(c)(1)(G), a party may request and the Court may issue a protective order requiring that confidential information be revealed only in a specified way.

In the present matter and as set forth in the Statement of Facts, Medcon has an interest in determining the amount of the settlement in this matter pursuant to the Arbitration Award in favor of MedCon against Hill.  The services for which Medcon sought compensation in the Arbitration were performed in conjunction with this lawsuit.  Further, this Court's Order of February 20, 2013, requires that the Confidentiality Agreement be executed by Medcon in order

for the financial terms of the Settlement Agreement to be divulged to Medcon.  The terms of the Confidentiality Agreement that Medcon is required to sign also require that Medcon be bound by the underlying terms of the Settlement Agreement.  Since the parties to this matter will not disclose any portion of the Settlement Agreement-- even with the financial terms redacted-- Medcon seeks entry of this Protective Order to allow Medcon to read and understand the terms to which it will be bound after execution of the Confidentiality Agreement.  Without understanding the underlying terms of the Settlement Agreement, Medcon would be placing itself in a position of potentially though inadvertently violating the terms of that Agreement if Medcon is not allowed to view and understand the terms of that document prior to execution of the Confidentiality Agreement.  As such, Medcon requests that a protective order be entered allowing disclosure of this document.  A proposed protective order is attached hereto as Exhibit G.

WHEREFORE, Medcon respectfully requests that this Court enter a Protective Order to permit Medcon to ascertain the provisions to which it will be bound under the Settlement Agreement by signing the Confidentiality Agreement that has been issued in this case.

Respectfully submitted,

By: _____/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of July 2013, I electronically transmitted the attached and foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Helen Cohn Needham
      John Benjamin Raftery
      Kenneth Edward Labowitz
      Mary Catherine Zinsner
      Spencer Dean Ault
      Stephen Dennis Otero

                                            s/ Joshua Erlich
                                            Joshua Erlich