# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| JANELLE HILL AND WILLIAM HILL, INDIVIDUALLY AND AS NEXT FRIENDS OF SAVANNAH A. HILL, | * * * * | |
| Plaintiffs, | * * | Civ. Action No. 1:09-cv-00463-CMH-TRJ |
| v. | * * | |
| SANOFI-AVENTIS U.S., INC., | * * | |
| Defendant. | * | |

**PROPOSED PROTECTIVE ORDER**

Upon consideration of this Court's previous Order dated February 20, 2013, and Intervenor Medcon, Inc.'s ("Medcon") Motion for Protective Order, this Court being advised in its premises, finds that it is necessary for the parties to this matter to produce certain confidential information related to the settlement of this matter and the corresponding Settlement Agreement by virtue of an arbitration award issued in favor of the non-party, Medcon, Inc., against the Plaintiff, Janelle Hill, in the following case: In re: the Matter of Medcon, Inc. v. Janelle Hill, American Arbitration Association Case No. 16 434 E 00190-12 (hereinafter the "Arbitration Award"), and that a Protective Order is necessary in order to protect the confidentiality of such information.  The Court enters the following Protective Order:

1. This Order shall be applicable to and govern all documents designated as confidential and produced in the matter of Janelle Hill and William Hill, individually and as next friends of Savannah A. Hill v. Sanofi-Aventis U.S., Inc., Civ. Action No. 1:09-cv-00463-CMH-TRJ, in the United States District Court for the Eastern District of Virginia (hereinafter the "Case") involving the Plaintiff, Defendants, non-parties Medcon, Inc., David Geier, Dr. Mark

Geier, and any additional parties hereafter intervening or entering an appearance (collectively "Party or Parties") and as required by the Arbitration Award. The documents and any information contained in those documents designated confidential are hereby entitled to the protections of this Order.

2. The documents covered by this Order include any document produced by the Parties to the Case and any documents produced by third-parties pursuant to subpoenas or other document requests by any of the Parties, which are designated confidential under the procedures outlined in this Order, including but not limited to the Settlement Agreement and any terms contained therein.

3. Any Party to this Case or any other person who produces or supplies information or documents for use in this Case, as is necessary to carry out this Court's Order dated February 20, 2013, or as is required by virtue of the Arbitration Award (hereinafter "Designating Party" or "Producing Party"), may designate as "Confidential" any such material that it reasonably and in good faith believes is confidential, private, or similarly protected information by agreement of any of the Parties or under applicable statutory or common law. Documents or information a Party produces, either voluntarily or by Court Order, which has been agreed to as confidential or which the Party wishes to designate as confidential shall be designated by marking "CONFIDENTIAL" on the upper, right-hand corner of the document being produced, and upon the upper, right-hand corner of each page of such designated document, if practicable.

4. Documents and information designated as confidential pursuant to this Order shall not be furnished or disclosed to any person except as provided for herein, and shall be used solely for the purposes of this Case and shall not be used for any business or other purpose. By

virtue of the Arbitration Award, Medcon, Inc. is entitled to ascertain the monetary settlement amount of the Case and is authorized to calculate Ten Percent (10%) of the settlement amount to use as the value of the Arbitration Award. Medcon, Inc. is further authorized to use the resulting calculation to seek and enter the Arbitration Award as a judgment in the amount calculated, up to $75,000, and to use the calculated amount as the value of the judgment, up to $75,000, in any action domesticating the judgment entered on the Arbitration Award in any state or jurisdiction or executing upon that judgment (hereinafter a "Collection Action"). Medcon, Inc. is authorized to furnish or disclose the Settlement Agreement and other confidential material only as is necessary in any pleading to demonstrate the validity of the amount of the Arbitration Award and any judgment entered on the Arbitration Award, provided that the Settlement Agreement is filed under seal and disclosed in accordance with this Stipulation and Agreed Protective Order

5.   Material designated as confidential shall be disclosed only to the following persons:

A.   This Court and its personnel;

B.   The Parties;

C.   Counsel for the Parties, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff to the extent reasonably necessary to render professional services in the Case, provided that, prior to disclosure, counsel of record have advised such other attorneys and employees of their obligation under this Order;

D.  Any Court, and its personnel, in any Collection Action in which Medcon, Inc. seeks to enter judgment based on the Arbitration Award and to domesticate that judgment in any other state and/or to execute upon that judgment.

E.  The parties in any such Collection Action referenced in subpart D to this paragraph.

F.  Counsel for the parties in any such Collection Action referenced in subpart D to this paragraph, including all regular employees of counsel such as legal associates, paralegals, secretaries, and other support staff to the extent reasonably necessary to render professional services in those matters, provided that, prior to disclosure, counsel of record have advised such other attorneys and employees of their obligations.

G.  Process servers.

6.  This Protective Order does not prevent the use of the information or documents designated as confidential for interrogation of witnesses, nor does it prevent use of these records in connection with any evidentiary motions or documents created in the aid of execution on and collection of non-parties' judgment. If documents designated as confidential are discussed or used as exhibits at a deposition in this Case or any Collection Action, counsel for the Party using the documents shall designate them as confidential by (a) so indicating on the record of the deposition, or (b) by advising other counsel in this Case and any Collection Action and notifying the court reporter in writing, within ten (10) days after receiving the transcript of the deposition, of any exhibits and the page and lines of the transcript in which confidential information appears.

7.  Where any documents designated as confidential are included as exhibits to any pleadings, motions, briefs, papers, documents or depositions, as authorized herein, unless

expressly waived or excused by the Designating Party, such materials shall be filed under seal, placed in a sealed envelope, and marked with the caption of the case and words that in substance state "CONFIDENTIAL – SUBJECT TO COURT PROTECTIVE ORDER."

8.  Nothing contained in this Protective Order shall prejudice the right of any Party to contest the relevancy, admissibility, discoverability, confidentiality, and use of the documents designated as confidential.

9.  Neither the termination of this Case, the termination of any Collection Action, nor the termination of employment of any person who has access to confidential information shall relieve any such person from the obligation of maintaining both the confidentiality and the restrictions on use of any information disclosed pursuant to this Order.

DATED this _____ day of _____, 2013.

_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE