IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JANELLE HILL AND WILLIAM HILL, INDIVIDUALL AND AS NEXT FRIENDS OF SAVANNAH A. HILL, <br><br>    Plaintiffs, <br><br> v. <br><br> SANOFI-AVENTIS U.S., INC., <br><br>    Defendant. | * <br> * <br> * <br> * <br> *    Civ. Action No. 1:09-cv-00463-CMH-TRJ <br> * <br> * <br> * <br> * <br> * <br> * |

**RESPONSE TO MOTION TO INTERVENE**
(No Opposition)

Plaintiff, Janelle Hill, by undersigned counsel, responds to Medcon, Inc.'s ("Medcon") Motion to Intervene (the "Motion"), as follows:

1.	This matter arises from a settlement of the above-captioned case. The settlement is memorialized in a settlement agreement (the "Settlement Agreement") with Defendant Sanofi-Avetis, which is incorporated into an Order of this Honorable Court. The Settlement Agreement contains confidentiality provisions that forbid Ms. Hill from disclosing the Settlement Agreement's terms. Therefore, the Motion's allegations that Ms. Hill is somehow acting unilaterally are false.

2.	Although Medcon continues to blame Ms. Hill for its lack of information about the settlement, the reason why Medcon does not know the precise terms of the Settlement Agreement is because Ms. Hill's former lawyer's failed to disclose the existence of Medcon's Retainer (a 10% contingency fee) to the Court at the time that the Court approved the settlement, a settlement which involved a minor child. That lawyer has since faced (unrelated) disciplinary proceedings and, according to the Virginia Bar's website, is no longer a "good standing" member

of the Virginia Bar. The lawyer's oversight, paired with the Settlement Agreement's confidentiality provisions have created the conundrum that now plagues Ms. Hill and Medcon.

3. As stated in her Motion for Relief from Judgment (the "Motion for Relief") (Document 104), in February 2013, Ms. Hill sought relief from the Judgment which incorporated the Settlement Agreement in the above-captioned case. In doing so, Ms. Hill sought to create an exception to the confidentiality provisions so that she could disclose the relevant terms of the Settlement Agreement to Medcon.

4. Ms. Hill drafted and filed Motion for Relief from Judgment (the "Motion for Relief") entirely at her own expense. The Motion for Relief demonstrates Ms. Hill's good faith. Sanofi-Aventis cooperated with Ms. Hill's efforts in this regard and consented to the Motion for Relief. The Court granted the Motion for Relief on February 20, 2013. The Court's Order allows Medcon to sign a confidentiality agreement and learn the financial terms of the settlement agreement in this matter between Ms. Hill and Defendant Sanofi-Aventis.

5. Medcon has repeatedly and unreasonably refused to sign the confidentiality agreement permitted by the February 20, 2013 Order.

6. Medcon's Motion to Intervene comes several years after Medcon knew that the above-captioned case was confidentially settled and closed. Also, Medcon comes to this Court a year after having been told that its efforts in arbitration were misdirected and were a waste of everyone's resources.

7. Under the circumstances, and particularly in light of the restrictions placed upon Ms. Hill by the Settlement Agreement's confidentiality provisions, Medcon's claims that it is blameless for any delay, that Ms. Hill "blocked [Medcon] at every turn...", and that Ms. Hill has refused to cooperate, are specious. Not only that, but at page 7, Medcon's Motion incorrectly

claims that Ms. Hill stated that she, "would not take to review [Medcon's proposed] protective order...." Actually Sanofi-Aventis' counsel made the statement, but only after Medcon *repeatedly* refused to sign the Confidentiality Agreement put in place by this Court's February 20, 2013 Order. *See* Exhibit D to Medcon's Motion to Intervene. Under the circumstances, attorney Mary Zinser's statement was entirely fair, and was entirely appropriate.

6. Nonetheless, Ms. Hill does not oppose the relief requested by the Motion to Intervene. In taking this position, Ms. Hill does not waive any rights afforded to her under the Medcon Retainer Agreement.

WHEREFORE, Janelle Hill DOES NOT OPPOSE the relief sought by the Motion to Intervene.

Respectfully submitted,

/s/ John B. Raftery
John B. Raftery, Bar No. 24393
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, Maryland 20814
240-507-1702
240-507-1735
jraftery@offitkurman.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2013, a copy of the foregoing Response was filed via ECF electronic filing with the clerk of the Court, and served electronically to:

Helen Cohn Needham
Needham Mitnick & Pollack, PLC
400 S. Maple Avenue, Ste. 210
Falls Church, VA 22046
(Counsel for William Hill)

Mary Catherine Zinsner
Troutman Sanders, LLP
1660 International Drive, Ste. 600
McLean, VA 22102
(Counsel for Sanofi-Aventis U.S., Inc.)

Kenneth Edward Labowitz
Dingman Labowitz, PC
526 King Street, Ste. 209
Alexandria, VA 22313
(Guardian *ad litem* for Savannah Hill)

                                                                           /s/ John B. Raftery
                                                                           John B. Raftery

4811-8930-9205, v. 1